STATE OF IOWA ex rel. F. A. TRINBLE, Appellant, v. INCORPORATED TOWN OF ALTOONA et al., Appellees.

**MUNICIPAL CORPORATIONS:** Annexation—Nonjudicial Review. The extension of the limits of a municipal corporation in strict compliance with a constitutional statute is conclusive on the courts, even though the statute is, to a degree, arbitrary.

Headnote 1:    12 C. J. p. 891 (Anno.); 28 Cyc. p. 207.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

MARCH 16, 1926.

SUIT in equity, to enjoin the town of Altoona and its officials from extending the limits of such town, and to declare null and void certain proceedings had, purporting to make such extension, and to declare null and void also an alleged issue of school bonds by the extended Independent School District of Altoona. —*Affirmed.*

*W. N. Jordan* and *Guy R. Wismer,* for appellant.

*Clark & Byers,* for appellees.

EVANS, J.—On and before January 1, 1923, the town of Altoona contained about 600 inhabitants, and comprised about 360 acres of area. The town was stationary in growth, and had maintained its then status without substantial change for many years. Shortly after the date named, the city council of said town inaugurated proceedings for extending the limits of the town, and such proceedings were had, which purported to extend such limits so as to include a total area of 1,280 acres, the additional territory being all comprised of agricultural lands. The town council of Altoona proceeded under the provisions of Section 615, Code Supplement, 1913, which is as follows:

"Any city or town may have its limits enlarged by resolution of the council, fixing the boundaries of the city or town, to the proposed extent, which shall, as far as practicable, be terminated by straight lines drawn parallel, respectively, to the corresponding lines of the government survey, and the question must then be submitted to the vote of the electors of the city or town as thus proposed to be enlarged, on a day fixed by resolution of the council, and notice thereof given by proclamation of the mayor of the time and place of holding the same, setting forth the exact question to be presented to the electors for determination, which shall be published in some newspaper published in said city or town, once each week, for four weeks, consecutively; provided, however, that where no newspaper is published in such city or town, such proclamation shall be posted for an equal length of time in five public places within the corporate limits of said city or town, one of which shall be on the door of the mayor's office. The council shall select three judges and two clerks for said election, whose duties shall be the same as prescribed by law for judges and clerks of election. If at such election a majority of the votes cast are for such extension, the mayor shall issue a proclamation announcing that fact, and from thenceforth the limits of said city or town shall be enlarged as proposed."

The proceedings had were strictly in accord with the pro-

visions of the quoted section. The result of the election favored the extension, and proclamation was made accordingly. The Independent School District of Altoona was coextensive with the town, and its limits were automatically extended by the extension of the town limits, under the provisions of the statute. After the extension was accomplished, school bonds to the amount of $36,000 were voted and issued.

The contention of the appellant is that Section 615 is arbitrary and unreasonable, and that it has, in legal effect, been superseded and thereby nullified by Sections 610, Code of 1897, and 611, Code Supplement, 1913. The provisions of Section 610 are such that the town authorities could have proceeded thereunder for the proposed extension. This furnishes the basis of appellant's argument above indicated. It may be conceded that the section in question has a quality of the arbitrary, and that it gives no opportunity to the owner of the land contiguous to a town to be heard on a question of extension, except to cast his vote in the minority. This characteristic of the statute has had recent legislative recognition in Section 5617 of the Code of 1924, which provides a method of procedure for severing territory thus annexed. See, also, Sections 5612 and 5613 of the same Code. Section 615 has been a part of our statutory law for many years, having been first enacted by the sixteenth general assembly. When first enacted, it recited in express terms that it was so enacted "in addition to the methods now provided by law." In the later re-enactments of the statute, the foregoing clause was eliminated. The appellant urges that such elimination had its significance, and that its real significance was to nullify the statute, because the ground covered thereby was fully covered by Section 610. Counsel offers us no theory of why the statute should be re-enacted at all, if the intention was to nullify it. The words eliminated from the original statute were useless from the beginning. They served no function. That was a sufficient reason for eliminating the same. The constitutionality of this section is not challenged. Its provisions are definite and clear, and present no difficulty of interpretation. It is not our proper function to impeach the policy of the statute, or to say that it ought not to have been enacted. Inasmuch as the town authorities concededly conformed to all its require-

ments, no ground of nullification of their proceedings is presented.

The district court so held, and its order is affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.